O



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PATRICK RAMOS,

            Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 08-727 RNB

ORDER REVERSING DECISION OF
COMMISSIONER AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS

The Court now rules as follows with respect to the six disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 4-5), the Court finds that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to consider the treating physician's opinion of disability. As the Commissioner points out, the three

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

pages of medical records cited by plaintiff do not even qualify as medical source opinions under the Commissioner's regulations. See 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 7-9), the Court finds that reversal is not warranted based on the ALJ's alleged misrepresentation of the evidence and alleged failure to properly develop the record regarding plaintiff's mental impairment. Further, the Court fails to see any inconsistency between the ALJ's statement and plaintiff's statement to the consultative psychiatric examiner that he "has a therapist now that he has seen twice." The Court also notes that, prior to the administrative hearing, plaintiff's counsel was provided with a list of the contemplated exhibits and advised that it was plaintiff's responsibility under the Commissioner's regulations to provide relevant medical evidence, including all medical records from one year prior to the onset date to the present that were not already in the file. (See AR 66). There is no indication in the record that plaintiff ever sought the Administration's help in securing any of his medical records or attempted to supplement the record already before the ALJ. Nor does it appear that plaintiff ever attempted to supplement the record before the Appeals Council. Nor has he proffered to this Court the supposedly missing mental health treatment records that he maintains are probative to his mental impairment claim.

With respect to Disputed Issue No. 3, the Court notes that the ALJ did not disregard plaintiff's wife's written testimony. Rather, the ALJ's decision reflects that he considered the questionnaire completed by plaintiff's wife (which essentially mirrored plaintiff's own questionnaire) and discounted both plaintiff's testimony and his wife's testimony for the reasons given. (See AR 20). The Court finds that the reasons given by the ALJ were sufficiently specific for the Court to conclude that the ALJ did not arbitrarily discredit the wife's lay witness testimony. The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to properly

1  consider the lay witness testimony.

2  With respect to Disputed Issue No. 4, the Court concurs with plaintiff that the
3  ALJ failed to properly consider the consultative orthopedic evaluator's opinion as to
4  plaintiff's limitations. (See AR 229). Specifically, the ALJ failed to provide the
5  requisite specific and legitimate reasons for his implicit rejection of Dr. Sophon's
6  opinion that plaintiff was restricted to occasional bending and stooping. See
7  Regennitter v. Commissioner, 166 F.3d 1294,1298-99 (9th Cir. 1999); Lester v.
8  Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Insofar as it appears that the ALJ was
9  rejecting the opinion of the consultative examiner in favor of the opinions of the State
10 agency review examiners, the ALJ erred because their opinions did not constitute
11 "substantial evidence" upon which the ALJ could properly rely in making his RFC
12 assessment, in the face of Dr. Sophon's conflicting opinion. See, e.g., Morgan v.
13 Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) ("The
14 opinion of a nonexamining medical advisor cannot by itself constitute substantial
15 evidence that justifies the rejection of the opinion of an examining or treating
16 physician."); Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The
17 nonexamining physicians' conclusion, with nothing more, does not constitute
18 substantial evidence, particularly in view of the conflicting observations, opinions,
19 and conclusions of an examining physician."). However, the Court concurs with the
20 Commissioner that this error was harmless because plaintiff's past relevant work did
21 not call for more frequent postural activities. See DOT 921.683-050; see also Curry
22 v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review
23 of administrative decisions regarding disability). The Court notes in this regard that
24 plaintiff's reply regarding Issue No. 4 was completely nonresponsive to the
25 Commissioner's harmless error contention.

26 With respect to Disputed Issue Nos. 5 and 6, both of which are directed to the
27 ALJ's determination at Step Four of the Commissioner's sequential evaluation process
28 that plaintiff was capable of performing his past relevant work as a forklift operator,

3

the Court concurs with the Commissioner that (a) the determination that a claimant is capable of performing his/her past relevant work properly may be based on **either** the past relevant work as performed by the claimant **or** the past relevant work as generally performed in the national economy (see, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511 (9th Cir. 1987), (b) in determining whether a claimant can perform his/her past relevant work, the ALJ is not required to secure vocational expert testimony (see, e.g., Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996); Matthews, 10 F.3d at 681), and (c) the claimant has the burden at Step Four to show that he/she can no longer perform their past relevant work (see, e.g., Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001); Sanchez, 812 F.2d at 511). Nevertheless, the Court is unable to affirm the ALJ's Step Four determination for the following reasons. First, the Court disagrees with the Commissioner that the report of the vocational analyst constituted substantial evidence that supported the ALJ's Step Four finding. That one-page report pre-dated the ALJ's decision by two years and on its face does not reflect any consideration of the nonexertional limitation found by the ALJ (i.e., the preclusion from climbing ladders, ropes, and scaffolds). (See AR 16, 82). Second, the Court disagrees with the Commissioner that there was no inconsistency between the ALJ's preclusion from climbing ladders, ropes, and scaffolds and the DOT's classification of the forklift operator job as requiring occasional climbing. The Court therefore finds and concludes that the ALJ erred by not securing a vocational expert's opinion on whether a person with plaintiff's vocational profile and the non-exertional limitation found by the ALJ could perform the job of forklift operator either as actually performed by plaintiff or as generally performed in the national economy.

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v.

4

Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defect in the ALJ's decision. Indeed, plaintiff does not contend otherwise with respect to Dispute Issue Nos. 5 and 6. (See Jt Stip at 18 ("Therefore, this matter requires remand."), 19 ("Remand is necessary."), 20 ("Therefore, this matter must be remanded in order for the ALJ to evaluate jobs within plaintiff's RFC." . . . "Therefore, this matter must be remanded for further proceedings)).

## ORDER

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[2]

DATED: April 1, 2009

_Robt N Blk_

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2]    The Court is not limiting the scope of the remand.